THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS MAGÍN ROSARIO RIVERA, Defendant and Appellant.

No. CR-67-132.     Decided May 10, 1968.

*E. Armstrong Watlington* and *Enrique Miranda Merced* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was taken by surprise by the police while he was injecting the narcotic drug known as heroin into another human being with a syringe. He tried to escape, but he was captured. He was convicted of a violation of the Narcotics Act which consisted in having heroin in his possession. He was not found guilty of concealing and transporting it.

---

As only error he assigns that the evidence did not establish the offense of possession of narcotic drugs. He argues that the judgment should be reversed because the decision in *People* v. *Márquez Estrada*, 93 P.R.R. 790 (1966), in which judgment was reversed because the minimum amount found in a metal cap was not sufficient to be criminally used, is applicable. In said case only some crystals of the drug were found in the cap, but the syringe yielded negative results. The cap was seized therein as a result of the defendant having been searched; he was not taken by surprise in the act of using the drug. In *Márquez Estrada*, upon summarizing the *ratio decidendi* of that case, we stated the following, at page 795:

"Although the possession of the articles which were seized on him—the hypodermic needle and the dropper—are usually used to inject the narcotics, in the case at bar there is no evidence that they had been used for such purpose. So the only thing that could connect the defendant with the offense he was charged with are the small crystals which appeared in the cap in a minimum quantity (they could fit on a pinhead) and which evidently could not be used as narcotics."

As it may be seen, there was no evidence therein that the articles were criminally used, and the only thing that could connect the defendant with the offense were some crystals of the drug which, because of the very small amount, were not susceptible of being used. In the case at bar on the contrary, the amount of drug which defendant possessed when arrested was not only susceptible of being criminally used, but, as a matter of fact, it was thus being used when appellant was taken by surprise. In the case at bar, contrary to the *Márquez Estrada* case, the hypodermic needle yielded positive results. The cap did too. As we said in *People* v. *Marcial Pérez*, Judgment of February 20, 1967, this case is distinguishable from *Márquez Estrada* because an amount of drug sufficient of being used is involved. As we have already indi-

cated, the most evident proof of this is that said drug was being criminally used. The error assigned was not committed.

The judgment rendered on March 2, 1967, will be affirmed.